**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **PAUL AUXER, JUSTIN PARDI, RICHARD SPIVEY, JOHN P. BURTYK, JAMES L. JOHNSON, WILLIAM WARD, CHAD JORDAN, DAVID N. STEEN, VICTOR NEW, CHAD RYAN, GARY JORDAN, JASON STAMPER, RUSSELL ORRIS, PAUL D. SNYDER, TODD W. ADAMS,  JEFF SECREST, ROSS M. RENSI, BUD E. BODNAR, ADAM RIEDMILLER, PHILLIP MARTIN, STEVEN MCCLOY, CHARLES MILLER, JEFFERY TOLBERT, JACK LYTTLE, AND MICHAEL D. HARRIS** | **Case No.**<br><br>**Judge**<br><br>**Magistrate Judge** |

On behalf of themselves and all similarly situated individuals,

        Plaintiffs,

    vs.

**REPUBLIC WASTE SERVICES OF OHIO HAULING, LLC d/b/a REPUBLIC WASTE SERVICES**

and

**REPUBLIC SERVICES, INC.**

and

**REPUBLIC SERVICES OF OHIO HAULING, LLC d/b/a REPUBLIC WASTE SERVICES OF OHIO HAULING, LLC**

and

**REPUBLIC SERVICES OF OHIO HAULING, LLC d/b/a  REPUBLIC SERVICES OF OHIO**

        Defendants.

## CLASS AND COLLECTIVE COMPLAINT WITH JURY DEMAND

Now come Plaintiffs, Paul Auxer ("Plaintiff Auxer"), Justin Pardi ("Plaintiff Pardi"), Richard Spivey ("Plaintiff Spivey"), John P. Burtyk ("Plaintiff Burtyk"), James L. Johnson ("Plaintiff Johnson"), William Ward ("Plaintiff Ward"), Chad Jordan ("Plaintiff C. Jordan"), David N. Steen ("Plaintiff Steen"), Victor New ("Plaintiff New"), Chad Ryan ("Plaintiff C. Ryan"), Gary Jordan ("Plaintiff G. Jordan"), Jason Stamper ("Plaintiff Stamper"), Russell Orris ("Plaintiff Orris"), Paul D. Snyder ("Plaintiff Snyder"), Todd W. Adams ("Plaintiff Adams"), Jeff Secrest ("Plaintiff Secrest"), Ross M. Rensi ("Plaintiff Rensi"), Bud E. Bodnar ("Plaintiff Bodnar"), Adam Riedmiller ("Plaintiff Riedmiller"), Phillip Martin ("Plaintiff Martin"), Steven McCloy ("Plaintiff McCloy"), Charles Miller ("Plaintiff Miller"), Jeffery Tolbert ("Plaintiff Tolbert"), Jack Lyttle ("Plaintiff Lyttle"), and Michael D. Harris ("Plaintiff Harris"), (collectively, "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of all opt-in plaintiffs and others similarly-situated ("Plaintiffs"), for their Complaint against Defendant REPUBLIC SERVICES OF OHIO HAULING, LLC d/b/a REPUBLIC WASTE SERVICES ("Defendant Republic Waste Services" or "Republic"), Defendant REPUBLIC SERVICES, INC. ("Defendant Republic, Inc."), Defendant REPUBLIC SERVICES OF OHIO HAULING, LLC d/b/a REPUBLIC WASTE SERVICES OF OHIO HAULING, LLC ("Defendant Republic Waste Services of Ohio"), and Defendant REPUBLIC SERVICES OF OHIO HAULING, LLC d/b/a REPUBLIC SERVICES OF OHIO ("Defendant Republic Services of Ohio") (collectively "Defendants"), and hereby allege as follows:

## I.    PRELIMINARY STATEMENT

Plaintiffs, on behalf of themselves and all others similarly situated, brings this collective action pursuant to 29 U.S.C. § 216(b), against Defendants seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.01, 4111.03 and 4111.10, and the

Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Law and the OPPA will be referred to collectively as the "Ohio Acts"). Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually by Plaintiffs and all Ohio Opt-ins who join this case. Plaintiffs' allegations as to their own acts are based on personal knowledge and other allegations are made on information and belief.

## II.   JURISDICTION AND VENUE

1.     This Court has jurisdiction of the claim herein pursuant to the laws of the United States, specifically this Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  Plaintiffs are alleging violations of their rights under 29 U.S.C. Sec. 207(a) and 216(b) and the law of the State of Ohio, R.C. §§ 4111.03 and 4111.10.

2.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.     Venue herein is proper under Civil Rule 3 and pursuant to 28 U.S.C. §1391, because Defendants, operating a solid waste hauling and disposal business, have employed the Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim have occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

4.     Upon information and belief, Defendant Republic, Inc.'s corporate and regional office personnel conduct management meetings by telephone with local managers of Republic Inc.'s waste disposal facilities throughout the United States, specifically with local managers located in the State of Ohio.

5.     Upon information and belief, Defendant Republic, Inc.'s corporate and regional

3

office personnel make or have made periodic and routine visits to Republic, Inc.'s waste disposal facilities throughout the United States, including throughout Ohio, to audit each facility's performance and profitability, while also requiring that changes or corrective actions be taken following an audit.

6.      Upon information and belief, Defendant Republic, Inc.'s corporate and regional office personnel have ultimate management and control of payroll and payroll information systems and all other database and information systems that track the productivity of waste disposal drivers such as Plaintiffs and the Putative Class Members throughout the State of Ohio.

7.      Upon further information and belief, Defendant Republic, Inc. has ultimate management and control of instituting and/or implementing and/or changing various employment policies, specifically clock-in and clock-out policies, as well as mandatory required uniform policies, for waste disposal drivers such as Plaintiffs and the Putative Class Members throughout the State of Ohio.

8.      Upon information and belief, Defendant Republic, Inc. permits and/or ratifies and/or authorizes their regional or state subsidiaries, like Defendant Republic Waste Services, Defendant Republic Waste Services of Ohio, and Defendant Republic Services of Ohio, to negotiate and/or enter into agreements with Unions and/or employees, while maintaining operational control of their subsidiaries business activities.

9.      Upon further information and belief, Defendant Republic Waste Services entered into a Collective Bargaining Agreement (the "CBA") by and between Republic Waste Services of Ohio Hauling, LLC d/b/a Republic Waste Services, located at 933 Frank Road, Columbus, Ohio 43223, and Teamsters Local Union 284, an affiliate of the International Brotherhood of Teamsters.

10.     Plaintiff Auxer was employed at Republic's Columbus, Ohio waste disposal facility from December 18, 1995 (for Republic's predecessor, BFI, as well as the Defendant)

until the present. Plaintiff Pardi was employed at Republic's Columbus, Ohio waste disposal facility from approximately August, 2014 until the present. Plaintiff Spivey was employed at Republic's Columbus, Ohio waste disposal facility from 1999 (for Republic's predecessor, BFI, as well as the Defendant) until the present. Plaintiff C. Ryan was employed at Republic's Columbus, Ohio waste disposal facility from March 14, 2001 until the present. Plaintiff Burtyk was employed at Republic's Columbus, Ohio waste disposal facility from July 29, 2009 until the present. Plaintiff Johnson was employed at Republic's Columbus, Ohio waste disposal facility from July 24, 2006 until the present. Plaintiff Ward was employed at Republic's Columbus, Ohio waste disposal facility from August 18, 1999 (for Republic's predecessor, BFI, as well as the Defendant) until the present. Plaintiff C. Jordan was employed at Republic's Columbus, Ohio waste disposal facility from April 15, 2015 until the present. Plaintiff Steen was employed at Republic's Columbus, Ohio waste disposal facility from April 7, 2014 until the present. Plaintiff G. Jordan was employed at Republic's Columbus, Ohio waste disposal facility from April 20, 2013 until the present. Plaintiff Stamper was employed at Republic's Columbus, Ohio waste disposal facility from August 16, 2001 until the present. Plaintiff Orris was employed at Republic's Columbus, Ohio waste disposal facility from April 18, 2007 until the present. Plaintiff Snyder was employed at Republic's Columbus, Ohio waste disposal facility from August 1, 2000 until the present. Plaintiff Adams was employed at Republic's Columbus, Ohio waste disposal facility from August 21, 2006 until the present. Plaintiff Secrest was employed at Republic's Columbus, Ohio waste disposal facility from July 3, 2000 until the present. Plaintiff Rensi was employed at Republic's Columbus, Ohio waste disposal facility from June 26, 2012 until the present. Plaintiff Bodnar was employed at Republic's Columbus, Ohio waste disposal facility from December 2, 2009 until the present. Plaintiff Reidmiller was employed at Republic's Columbus, Ohio waste disposal facility from March 1, 2017 until the present. Plaintiff Martin was employed at Republic's Columbus, Ohio waste disposal facility from

September 17, 2001 until the present. Plaintiff McCloy was employed at Republic's Columbus, Ohio waste disposal facility March 9, 2012 until the present. Plaintiff Miller was employed at Republic's Columbus, Ohio waste disposal facility from September 29, 2004 until the present. Plaintiff New was employed at Republic's Columbus, Ohio waste disposal facility from November 15, 2010 until the present. Plaintiff Tolbert was employed at Republic's Columbus, Ohio waste disposal facility from May 24, 2012 until the present. Plaintiff Lyttle was employed at Republic's Columbus, Ohio waste disposal facility from March 2, 2015 until the present. Plaintiff Harris was employed at Republic's Columbus, Ohio waste disposal facility March 1, 2013 until the present. Plaintiff Cunningham was employed at Republic's Columbus, Ohio waste disposal facility from October 28, 1998 until the present. Plaintiff Fickel was employed at Republic's Columbus, Ohio waste disposal facility from April 27, 1989 (for Republic's predecessor, BFI, as well as the Defendant) until the present. Plaintiff Benson was employed at Republic's Columbus, Ohio waste disposal facility from October 4, 1999 until the present. Plaintiff Blunt was employed at Republic's Columbus, Ohio waste disposal facility from June 4, 2014 until the present. Plaintiff Fellure was employed at Republic's Columbus, Ohio waste disposal facility from October 24, 2011 until the present. All Plaintiffs were employed as non-exempt waste disposal drivers at all times material herein.

11. Plaintiffs, Auxer, Pardi, Spivey, Burtyk, Johnson, Ward, C. Jordan, Steen, New, C. Ryan, G. Jordan, Stamper, Orris, Snyder, Adams, Secrest, Rensi, Bodnar, Riedmiller, Martin, McCloy, Miller, Tolbert, Lyttle, and Harris, bring this action individually and on behalf of all other similarly situated non-exempt waste disposal drivers ("Putative Class Members") employed by Republic throughout Ohio during the preceding three years and through the final disposition of this matter.

### III.  PARTIES

12. Plaintiffs, Auxer, Pardi, Spivey, Burtyk, Johnson, Ward, C. Jordan, Steen, New,

C. Ryan, G. Jordan, Stamper, Orris, Snyder, Adams, Secrest, Rensi, Bodnar, Riedmiller, Martin, McCloy, Miller, Tolbert, Lyttle, and Harris, are citizens of the United States and residents of the State of Ohio and the Southern District, and employees of the Defendants at all times material herein for purposes of 29 U.S.C. 201, et seq.

13.     Plaintiff Auxer has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Auxer's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit A**.

14.     Plaintiff Pardi has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Pardi's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit B**.

15.     Plaintiff Spivey has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Spivey's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit C**.

16.     Plaintiff Burtyk has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Burtyk's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit D**.

17.     Plaintiff Johnson has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Johnson's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit E**.

18.     Plaintiff Ward has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Ward's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit F**.

19.     Plaintiff C. Jordan has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff C. Jordan's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit G**.

20.     Plaintiff Steen has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Steen's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit H**.

21.     Plaintiff New has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff New's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit I**.

22.     Plaintiff C. Ryan has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff C. Ryan's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit J**.

23.     Plaintiff G. Jordan has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff G. Jordan's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit K**.

24.     Plaintiff Stamper has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Stamper's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit L**.

25.     Plaintiff Orris has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Orris' Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit M**.

26.     Plaintiff Snyder has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Snyder's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit N**.

27.     Plaintiff Adams has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Adams' Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit O**.

28.     Plaintiff Secrest has given his written consent to bring this action to collect unpaid

wages under the FLSA. Plaintiff Secrest's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit P**.

29.     Plaintiff Rensi has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Rensi's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit Q**.

30.     Plaintiff Bodnar has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Bodnar's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit R**.

31.     Plaintiff Riedmiller has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Riedmiller's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit S**.

32.     Plaintiff Martin has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Martin's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit T**.

33.     Plaintiff McCloy has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff McCloy's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit U**.

34.     Plaintiff Miller has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Miller's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit V**.

35.     Plaintiff Tolbert has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Tolbert's Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit W**.

36.     Plaintiff Lyttle has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Lyttle's Consent Form is being filed along with this Complaint

pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit X**.

37. Plaintiff Harris has given his written consent to bring this action to collect unpaid wages under the FLSA. Plaintiff Harris' Consent Form is being filed along with this Complaint pursuant to 29 U.S.C. §216(b), and is attached hereto as **Exhibit Y**.

38. Plaintiffs Auxer, Pardi, Spivey, Burtyk, Johnson, Ward, C. Jordan, Steen, New, C. Ryan, G. Jordan, Stamper, Orris, Snyder, Adams, Secrest, Rensi, Bodnar, Riedmiller, Martin, McCloy, Miller, Tolbert, Lyttle, and Harris, will be collectively referred to as "Plaintiffs" and/or "Named Plaintiffs."

39. Named Plaintiffs are union members of Teamsters Local Union No. 284 located in Columbus, Ohio, which is affiliated with the International Brotherhood of Teamsters.

40. Defendant Republic Waste Services is a for-profit limited liability company organized in the State of Ohio that has been operating a solid waste disposal and hauling business, essentially, within Franklin County, Ohio and the central Ohio area at all times material herein. Defendant Republic Waste Services operates as a subsidiary of Defendant Republic, Inc. At all times pertinent hereto, Defendant Republic Waste Services, had full supervisory authority over the Plaintiffs, and is an employer for purposes of 29 U.S.C. Sec. 201, et seq. Pursuant to an Ohio Secretary of State Business Name Search Defendant Republic Waste Services' corporate headquarters and principal place of business is located in Phoenix, Arizona, located at 18500 North Allied Way, Phoenix, Arizona 85054. Defendant Republic Waste Services may be served in Ohio through its registered agent for service of process: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.**

41. Defendant Republic Inc. is a for-profit corporation incorporated in the State of Delaware that provides recycling and waste disposal services throughout the United States, including the State of Ohio. Republic Inc.'s corporate headquarters and principal place of business are located in Phoenix, Arizona, located at 18500 North Allied Way, Phoenix, Arizona

85054. Republic Inc. may be served in Ohio through its registered agent for service of process:

**CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.**

42.    Defendant Republic Waste Services of Ohio is a Trade Name or Fictitious Name of Defendant Republic Services of Ohio Hauling, LLC d/b/a Republic Waste Services, a for-profit limited liability company organized in the State of Ohio, and is a subsidiary of Defendant Republic, Inc. Defendant Republic Waste Services of Ohio may be served in Ohio through its registered agent for service of process: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.**

43.    Defendant Republic Services of Ohio is a Trade Name or Fictitious Name of Defendant Republic Services of Ohio Hauling, LLC d/b/a Republic Waste Services, a for-profit limited liability company organized in the State of Ohio, and is a subsidiary of Defendant Republic, Inc. Defendant Republic Services of Ohio may be served in Ohio through its registered agent for service of process: **CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.**

44.    Defendants operate recycling and waste solution facilities throughout the United State, and specifically throughout the State of Ohio. Particularly, Republic, Inc.s' website claims to service, through Ohio based Defendant Republic Waste Services, over eight hundred (800) cities in Ohio,[1] including thirty-seven (37) postal codes in the city of Columbus, Ohio alone.[2] Defendants' Columbus, Ohio location is located at 933 Frank Road, Columbus, Ohio 43223. Defendants appear to the general public as one entity, despite the varying subsidiaries.

## IV.    FLSA COVERAGE

45.    At all material times, Defendants have each been an employer within the meaning

---

1 "Welcome to Republic Services of Ohio," Republic Services, https://www.republicservices.com/locations/ohio (last visited Mar. 6, 2018).
2 "Welcome to Republic Services of Columbus," Republic Services, https://www.republicservices.com/locations/ohio/Columbus (last visited Mar. 6, 2018).

of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. §203(d).

46.     Upon information and belief, at all material times, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

47.     Upon information and belief, Defendants are covered employers under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members at all relevant and material times discussed herein.

48.     At all material times, Plaintiffs and the Putative Class Members are or were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§206-207. Plaintiffs and the Putative Class Members allege that Defendants failed to pay the proper amount of overtime in accordance with the FLSA for the period from May 17, 2017 through the time of the filing of this complaint and through the final disposition of this matter. Defendants' violations are described as follows.

## V.     FACTS

49.     Defendants, specifically Defendant Republic Waste Services, by its establishments of "Absolutes" regarding uniform donning and doffing procedures, violated and continues to violate the FLSA by failing to pay their waste disposal drivers across Ohio, including Plaintiffs and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA. Further, Plaintiffs and the Putative Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate as is required by the FLSA.

50. Defendants, specifically Defendant Republic Waste Services, violated and continues to violate the FLSA by requiring and directing waste disposal drivers across the State of Ohio, including Plaintiffs and the Putative Class Members, to perform duties related to their work, to wit, putting on their uniforms, without pay, before clocking-in and to take off their uniforms and/or clean up, without pay, off-the-clock—that is, work without pay.

51. Moreover, Defendants violated and continues to violate the FLSA by prohibiting the Plaintiffs and the Putative Class Members from clocking in before they had donned their uniforms.

52. Defendants violated and continue to violate the FLSA by prohibiting the Plaintiffs and the Putative Class Members to perform pre-trip duties, including donning their uniforms, after they have clocked-in.

53. Plaintiffs and the Putative Class Members are not permitted to clock-in until they have completely, in compliance with Defendants' uniform requirements, donned the proper uniform.

54. Defendants violated and continue to violate the FLSA by permitting and encouraging and requiring waste disposal drivers across the State of Ohio, including Plaintiffs and the Putative Class Members, to perform post-trip duties, including doffing their uniforms and cleaning up, after clocking-out.

55. At all times material herein, the Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq., (hereinafter referred to as "FLSA"), including the right to receive overtime compensation from Defendants and/or their agents.

56. At all times material herein, the Plaintiffs have performed services for the benefit of the Defendants and have not been paid for all hours worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. Sec. 207. As a result, at all times material herein, Plaintiffs

have also been entitled to be paid overtime compensation at a rate of not less than one and one-half times they regular rate of pay for the hours of overtime they have worked.

57.     Since on or about May 17, 2017, Defendants and/or their agents have unilaterally imposed on the Plaintiffs, conditions under which they do not receive compensation for regular and/or overtime hours worked, willfully violating the FLSA and the applicable regulations of the Department of Labor, and deprived the Plaintiffs of the rights, protections and entitlements granted to them under this federal statute and the pertinent regulations.

58.     Plaintiffs are required in their capacity in the aforementioned jobs, to perform services related to their positions with Defendants, which requires that they perform donning and doffing and related work functions off the clock, causing them to work in excess of forty (40) hours without the compensation mandated by the provisions of the FLSA.

59.     Defendants and/or their agents have subsequently, willfully refused to pay Plaintiffs and those similarly situated any compensation owed them, and reflecting hours worked in excess of forty (40) hours per week.

60.     As a result of the Defendants' violations of the FLSA and the applicable regulations of the U.S. Department of Labor, there has become due and owing to the Plaintiffs an amount of overtime pay under the FLSA.  Based on the inaccurate employment and work records maintained by the Defendants, Plaintiffs state, at this time that the amounts owed to them for unpaid overtime cannot be completely ascertained with certainty.

61.     The Defendants are under a duty imposed by the FLSA, 29 U.S.C. Sec. 211(c), and the regulations of the U.S. Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendants' liability can be ascertained. The Defendants, however, have failed to

14

produce payroll and/or personnel records, which would reflect the amount of time worked from May 17, 2017 through the present. Therefore, the Plaintiffs respectfully request that the Court retain jurisdiction over the claims for this period and direct the Defendants to produce the aforementioned records, or, in the alternative, grant the Plaintiffs leave to file an additional supplemental complaint for said compensation.

62. Plaintiffs have complained to Defendants and/or their agents about their failure to pay wages due and/or overtime compensation.

63. Defendants are liable to Plaintiffs for unpaid overtime compensation in an amount to be determined at trial.

## VI.     COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs incorporate all preceding Paragraphs as though fully rewritten herein.

65. Named Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated individuals of the opt-in class, consisting of:

> **All current and former hourly, non-exempt waste disposal driver employees of Defendants who during the previous three years were subjected to Defendants policy of being prohibited from clocking-in until they completely donned their required uniform and who were prohibited from doffing their complete required uniform before clocking-out and were paid pursuant to the Defendants' clock-in and clock-out policy (the "FLSA Class" or the "FLSA Class Members").**

66. Named Plaintiffs and the putative FLSA Class Members are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, all class members worked pursuant to Defendants' previously described common business practices and, as a result of such practices, were not compensated for all work performed during the workday and, where such work hours exceeded forty hours in a workweek, were not paid the legally mandated overtime

15

premium. Resolution of this action requires inquiry into many common factual issues, including, *inter alia*, Defendants' common timekeeping and payroll practices and Defendants' policies and practices regarding the wearing of gear and the performance of pre- and post-shift exercises. Resolution of this action also requires inquiry into many common legal issues.

## VII. CLASS ACTION ALLEGATIONS

67. Named Plaintiffs bring their Ohio Wage Law claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> **All current and former hourly, non-exempt waste disposal driver employees of Defendants who during the previous three years were subjected to Defendants policy of being prohibited from clocking-in until they completely donned their required uniform and who were prohibited from doffing their complete required uniform before clocking-out and were paid pursuant to the Defendants' clock-in and clock-out policy (the "Rule 23 Class" or the "Rule 23 Class Members").**

68. The Rule 23 Class includes all individuals employed as waste disposal drivers for Defendants.

69. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

70. Named Plaintiffs are members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

71. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

72. Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

73. Named Plaintiffs have retained competent and experienced class action counsel

16

who can ably represent the interests of the entire Rule 23 Class.

74.     Questions of law and fact are common to the Rule 23 Class.

75.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

76.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants have acted or otherwise have refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

77.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and fact common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

78.     Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Law by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class' overtime rate of pay as required by the statute; (d) whether Defendants' violations of the Ohio Wage Law were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Wage Law; and (f) what amount of prejudgment interest is due to Rule 23 Class Members on the overtime or other compensation which was withheld or not paid to them.

79. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation

## VIII.        CLAIMS FOR RELIEF

### Count One - Fair Labor Standards Act – Collective Action for the Failure to Pay Overtime (29 U.S.C. Sec. 201, et seq.)

80. Plaintiffs incorporate the preceding Paragraphs as though fully rewritten herein.

81. This action is brought pursuant to 29 U.S.C. Sec. 216(b).

82. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the 216(b) Class.

83. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things.

84. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. § 207(a). And, third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. §

516.2(a)(7); see also *Anderson v. Mt. Clemens Pottery Co.*, 380 U.S. 680 (1946).

**Count Two – Ohio Fair Minimum Wage Standards – Rule 23 Class Action for Failure to Pay Overtime (R.C. §§ 4111.01; 4111.03; 4111.10)**

85.     Plaintiffs incorporate the preceding Paragraphs as though fully rewritten herein.

86.     This action is brought under Ohio Law pursuant to R.C. §§ 4111.01, 4111.03 and 4111.10.

87.     During all times relevant to this action, Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants, and Defendants, individually, are employers covered by the overtime requirements under Ohio Law.

88.     Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

89.     During all times relevant to this action, Named Plaintiffs and the Rule 23 Class Members have worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but have not been paid overtime wages for this time spent working.

90.     By effectively failing to pay Named Plaintiffs and the Rule 23 Class Members the required minimum wage for each hour worked even though Defendants suffered and permitted them to work on its behalf, Defendants have violated Art. II, § 34a, OH CONST and R.C. §§ 4111.10 and 4113.15 *et seq.*

91.     Defendants, by the establishments of "Absolutes" regarding uniform donning and doffing procedures and clock-in/clock-out policies for Named Plaintiffs and Rule 23 Class

19

Members, have deprived the Named Plaintiffs and the Rule 23 Class Members of overtime wages to which they were entitled.

92.    Named Plaintiffs and the Rule 23 Class Members have not been exempt from the wage protections of Ohio Law.

93.    Defendants' repeated and willful failures to pay overtime wages to Named Plaintiffs have violated  R.C. §4111.03, and as such, Defendants have willfully withheld and have failed to pay the overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

94.    Named Plaintiffs and the Rule 23 Class Members are entitled to unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available as compensation for Defendants' violations of R.C. §4111.03, by which Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages.

### Count Three – Ohio Prompt Pay Act – Rule 23 Class Action for Violations of Ohio's Prompt Pay Act ("OPPA") (R.C. § 4113.15)

95.    Plaintiffs incorporate the preceding Paragraphs as though fully rewritten herein.

96.    Named Plaintiffs and the Rule 23 Class Members were employed by Defendants.

97.    During all relevant times, Defendants, individually, were entities covered by the OPPA and Named Plaintiffs and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

98.    The OPPA requires Defendants to pay Named Plaintiffs and the Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the

last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

99.     During all times relevant to this action, Defendant has failed to pay Named Plaintiffs and the Rule 23 Class Members all wages due within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B), including overtime wages at one and one-half times their regular rate.

100.     The Named Plaintiffs and the Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

101.     In violating the OPPA, Defendants have acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**Count Four – Recordkeeping Violations of the the Ohio Wage Law**

102.     Plaintiffs incorporate the preceding Paragraphs as though fully rewritten herein.

103.     The Ohio Wage Law requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

104.     During times relevant to this action, Defendants, individually, have been a covered employer, required to comply with the Ohio Wage Law's mandates.

105.     During times relevant to this action Named Plaintiffs and the putative Opt-ins have been covered employees entitled to the protections of the Ohio Wage Law.

106.     During times relevant to this action, Defendants have violated the Ohio Wage Act with respect to the Named Plaintiffs and the putative Opt-ins by failing to properly maintain accurate records of all hours Named Plaintiffs and the putative Opt-ins worked each workday and within each workweek.

107.     In violating the Ohio Wage Act, Defendants have acted willfully and with

21

reckless disregard of clearly applicable Ohio Wage Act provisions.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays for declaratory relief and damages as follows:

A. Certifying the proposed FLSA collective action;

B. Direction prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Rule 23 Class under Ohio Law;

D. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law, Named Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

F. Issue a declaratory judgment that the acts, conduct, and practices of Defendants complained of herein violated the rights of Plaintiffs under the FLSA and R.C. §§ 4111.01, 4111.03 and 4111.10;

G. Order Defendants to make Plaintiffs and the 216(b) Class Members whole by providing appropriate unpaid compensation, including overtime pay, liquidated damages, back pay and reimbursement for lost pension and other benefits, and expenses incurred as result of illegal action by Defendants in an amount to be shown at trial as allowed by the FLSA;

H. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated

damages allowed by Ohio Law;

   I. Awarding Named Plaintiffs, the FLSA Class Members and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

   J.  Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of Ohio Law;

   K.  Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and/or discovery;

   L.  Grant Named Plaintiffs, the FLSA Class Members, and the Rule 23 Class Members such further and additional relief as the Court may deem proper and just; and

   M.  Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

## JURY DEMAND

   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by a jury of their peers to decide all issues of fact in this case.

March 13, 2018       Respectfully submitted,

*/s/Robert E. DeRose*      */s/Michael A. Moses*
Robert E. DeRose II (0055214)   Michael A. Moses (0025243)
Jason C. Cox (0095169)     **MOSES LAW OFFICES, L.L.C.**
**BARKAN MEIZLISH HANDLEMAN**  533 S. 3rd Street
**GOODIN DEROSE WENTZ, LLP**  Columbus, Ohio 43215-5720
250 East Broad Street     (614) 224-7294
10th Floor        michaelmoses@moseslawllc.com
Columbus, Ohio 43215
(614) 221-4221
bderose@barkanmeizlish.com   *Attorneys for Named Plaintiffs and*
jcox@barkanmeizlish.com    *those similarly situated.*