IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL AUXER, *et al.*, : | |
| : | Case No. 2:18-CV-212 |
| Plaintiffs, : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Chelsey M. Vascura |
| REPUBLIC WASTE SERVICES OF OHIO, : | |
| HAULING, LLC. d/b/a REPUBLIC WASTE : | |
| SERVICES, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss. (ECF No. 18). For the reasons below, Defendants' Motion is **GRANTED**. Plaintiffs' Amended Complaint is **DISMISSED without prejudice**. In addition, Defendants' earlier Motion to Dismiss (ECF No. 14) is **dismissed as moot**.

I. BACKGROUND

Defendants Republic Waste Services of Ohio Hauling, LLC, Republic Services, Inc., Republic Services of Ohio Hauling, LLC, and Republic Services of Ohio Hauling, LLC, ("Defendants") provide recycling and waste disposal services throughout the United States, including Ohio. (ECF No. 17 at 10-11). Plaintiff sued, on behalf of themselves and other individuals similarly situated, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*; the Ohio Minimum Fair Wage Standards Act (OMFWSA), O.R.C. § 4111.01, 4111.03, and 4111.10; and the Ohio Prompt Pay Act (OPPA), O.R.C. § 4113.15. (ECF No. 17 at 2-3). Plaintiff filed a complaint (ECF No. 1) and Defendants filed a Motion to Dismiss

(ECF Nos. 14, 15). Plaintiff then filed an Amended Complaint (ECF No. 17) and Defendants filed a Motion to Dismiss for failure to state a claim. (ECF No. 18).

## II. STANDARD OF REVIEW

The Court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). The Court must construe the complaint in the light most favorable to the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III. ANALYSIS

Plaintiffs' first claim is for a violation of the FLSA. Plaintiffs allege Defendants require them to wear uniforms and personal protective equipment (PPE) and do not compensate them for the time required to put on and remove these items ("donning and doffing"). (ECF No. 17 at ¶¶ 49-81). The question is whether Plaintiffs engage in donning and doffing that is typically compensable under the FLSA.

Under the FLSA, the calculation of an employee's "hours worked" specifically excludes time spent putting on "clothes" unless the parties have bargained for such compensation. This provision in the FLSA is known as "Section 3(o)" and reads:

> (o) Hours Worked.— In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

29 U.S.C. § 203(o). The Sixth Circuit, joining sister circuits, has read Section 3(o) as an "exclusion from the definition of work." *Franklin v. Kellogg Co.,* 619 F.3d 604, 611-612. As a result, the "plaintiff bears the burden to prove that the time should not be excluded under" Section 3(o).

In addition, employers do not have to compensate employees for time spent doing activities the employer requires (donning and doffing, for example, or going through employer-mandated security screening) if those activities are not "integral and indispensable to the principle activities that an employee is employed to perform." *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014). Finally, the Department of Labor (DOL) has maintained that even when employees don and doff employer-mandated gear at their workplace, such a wardrobe change is not compensable if employees have the option of dressing at home. Wage & Hour Advice Mem., No. 2006-3 at 3. *See also Franklin,* 619 F.3d at 612-616 (discussing DOL guidance).

Therefore, for Plaintiffs to state a claim for which relief can be granted, they would need to allege that Defendants require them to wear personal protective equipment that is sufficiently different from "ordinary clothing" and that can only be donned and doffed at the workplace. The PPE would need to be sufficiently different from ordinary clothing that Plaintiffs' claims would

not be precluded by case law finding all manner of less-than-everyday clothing to be "ordinary" including "utility belts" with pepper spray and handcuffs, *Wright v. Pulaski County*, 2010 WL 3328015 at *5 (E.D. Ark. 2010); "personal protective equipment such as hair nets, beard nets, goggles, ear plugs, boots, or bump caps," *Alford v. Purdue Farms, Inc.,* 2008 WL 879413 at *1 (M.D. G.A.); or a "flame-retardant jacket…hood, hardhat, snood, wristlets, work gloves, leggings, metatarsal boots, safety glasses, ear plugs, and a respirator," *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 223 (2014). Finally, because Section 3(o) specifies that time spent changing clothes is noncompensable, the employee must "devote[] the vast majority of the time in question to putting on and off equipment or other non-clothes items (perhaps a diver's suit and tank)…" *Sandifer*, 571 U.S. at 235. But if the employee dons and doffs "clothes" for the majority of the time, "the time spent putting on and off other items need not be subtracted." *Id*.

The Plaintiff's Amended Complaint fails to state a claim for which relief can be granted because it does not plead a set of facts which would allow for such a conclusion. Plaintiffs allege a series of legal conclusions rather than facts. *See e.g.* ECF No. 17 at ¶¶53-54 ("The PPE that Plaintiffs and the Putative Class Members don is not ordinary clothing. The PPE that the Plaintiffs and the Putative Class Members don is integral and indispensable to the principal activity of their employment."). Merely because Plaintiffs state it in their complaint does not mean that the PPE is not, in fact, legally "ordinary clothing." As a result, Plaintiffs' recitation of legal conclusions is insufficient at this stage and fails to state a claim for which relief can be granted. Plaintiffs' first claim, for a violation of the FLSA, must be dismissed.

Plaintiffs' second, third, and fourth claims are for violations of Ohio wage and labor laws. These Ohio statutes are interpreted in tandem with the Federal FLSA. *See e.g. Douglas v. Argo-Tech Corp.*, 113 F.3d 67, n.2 (interpreting the FLSA and Ohio laws "in a unitary fashion"

4

because the statutes "parallel[]" each other.) As a result, Plaintiffs' claims under these statutes must also be dismissed. Because Plaintiffs filed an Amended Complaint, Plaintiffs' original Complaint and Defendants' first Motion to Dismiss are denied as moot. See generally *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (declaring the first complaint moot after the amended complaint is filed and accepted).

Nevertheless, Plaintiffs' amended complaint is not so vague as to prejudice Defendants, and it does "sufficiently reflect[] a possibility that the facts may demonstrate that" Defendants are not in compliance with the FLSA. *Brotherhood Mut. Ins. Co., v. ADT LLC*, 978 F. Supp. 2d. 1001, 1003 (D. Minn. 2013). *See also McGuire v. Dendreon Corp.*, 688 F. Supp. 2d. 1239, 1245 (W.D. Wash. 2009) (dismissing without prejudice a complaint where simple amendment would not be futile and would bring the complaint into alignment with pleading standards). Thus although this Court concludes Plaintiffs' Amended Complaint fails to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6), this Court dismisses this case without prejudice.

## IV. CONCLUSION

Plaintiffs' allegations fail to state a claim for which relief can be granted because, as pleaded, the activities Plaintiffs describe are not compensable under the FLSA. Nevertheless, this Court finds amendment would not be futile. Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Amended Complaint is **DIMISSED**, **without prejudice**. This case is CLOSED.

**IT IS SO ORDERED.**

                                          s/Algenon L. Marbley
                                          **ALGENON L. MARBLEY**
                                          **UNITED STATES DISTRICT JUDGE**

**DATED: March 19, 2019**